**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DENNIS LEE UPTAIN,

               Plaintiff-Appellant,

   v.

PAUL PENZONE; MARICOPA COUNTY
BOARD OF DIRECTORS; UNKNOWN
PARTY, Listed as Sheriffs Canteen,

               Defendants-Appellees.

No. 22-16865

D.C. No. 2:22-cv-01751-SPL-JZB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 15, 2023[**]

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

    Arizona state prisoner Dennis Lee Uptain appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations arising from his pretrial detention.  We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Uptain's action because Uptain failed to allege facts sufficient to show that the jail's meals or commissary prices put Uptain at a substantial risk of suffering serious harm, or that defendants intentionally discriminated against him. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (setting forth the elements of a claim for unconstitutional conditions of confinement); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002) (explaining that a "class of one" discrimination claim requires showing a plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (explaining that a discrimination claim generally requires showing "an intent or purpose to discriminate" based on membership in a protected class).

To the extent Uptain intended to raise a due process claim based on the circumstances of his plea bargain, dismissal was proper because Uptain failed to allege facts sufficient to show that he was denied any process to which he was due.

2                                                                      22-16865

*See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." (citation and internal quotation marks omitted)); *Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976) (setting forth requirements for procedural due process claim).

The district court did not abuse its discretion in dismissing Uptain's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard for review and explaining that leave to amend may be denied where amendment would be futile).

**AFFIRMED.**

22-16865